UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:20-cv-00336 |
| EVELYN SMITH, et al., | ) ) ) |
| Respondents. | ) ) |

## ORDER

Michael Williams, a Colorado resident, filed a *pro se* Motion to Confirm an arbitration award. (Doc. No. 1.) On October 21, 2020, the Court granted Williams pauper status and issued an Order to Show Cause requiring Williams to address two threshold concerns before the Motion to Confirm could be considered under the Federal Arbitration Act ("FAA"). (Doc. No. 7.) First, the Court required Williams to comply with the FAA by submitting a copy of the arbitration agreement. The Court noted "serious concerns about whether the Respondents ever agreed to the [ ] arbitration"; found that the nearly-incomprehensible 90-page "Final Arbitration Award" generated by the Sitcomm Arbitration Association ("SAA") did not appear to have been professionally prepared; cited holdings of other federal courts that SAA arbitration awards are either fraudulent or nonsensical; and warned Williams that the Final Arbitration Award "clearly does not constitute the parties' arbitration agreement, if one exists." (Doc. No. 7 at 2-4.) Second, the Court required Williams to establish a basis for subject-matter jurisdiction. The Court warned Williams that failure to comply with either part of the Order to Show Cause would result in dismissal of this action.

On November 9, 2020, Williams filed a mostly incoherent response. (Doc. No. 8.) To the extent that it can be deciphered, Williams fails to address the Court's two concerns. First, Williams has not supplied the arbitration agreement with Respondents. Instead, he maintains that the arbitration agreement comprises the first 67 pages of the 90-page Final Arbitration Award, and insists that the Court's conclusion to the contrary is "in error." (Id. at 1.)

Williams is mistaken. Williams has offered no basis to alter the Court's conclusion that the Final Arbitration Award is not the parties' arbitration agreement. Indeed, the Final Arbitration Award explicitly belies such a conclusion. It expressly references a purported December 21, 2018, contract between Williams and Respondents "for the complete resolution of their misconvictions and other conflicts respecting their previous relationship," that allegedly provides for binding arbitration of disputes by SAA. (Doc. No. 1 at 5-6.) Williams has not produced that agreement, signed or otherwise. Furthermore, Williams appears to rely on the assertion that Respondents became party to the (unproduced) arbitration agreement after failing to respond to Williams' notices – that is, "[t]he contract became operational by their silence per law." (Doc. No. 8 at 3.) However, "[i]t is well settled that, 'for a contract to be consummated, the parties must mutually assent to the material terms.'" Sevier Cnty. Sch. Fed. Credit Union v. Branch Banking & Tr. Co., 432 F. Supp. 3d 735, 743-44 (E.D. Tenn. 2020) (quoting Allstate Ins. Co. v. Tarrant, 363 S.W.3d 508, 528 (Tenn. 2012)). Accordingly, Williams has not complied with the FAA requirement to produce an arbitration agreement. 9 U.S.C. § 13.

Failure to comply with the FAA is alone basis for denial of the Motion to Confirm. However, Williams also has not established any basis for subject-matter jurisdiction. As the Court has previously explained, "[t]he [FAA] . . . does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." Moses H. Cone Mem. Hosp. v. Mercury

2

Case 3:20-cv-00336 Document 9 Filed 11/13/20 Page 2 of 4 PageID #: 150

Const. Corp., 460 U.S. 1, 25, n.32 (1983). Moreover, "the federal nature of underlying claims submitted to arbitration does not confer federal question jurisdiction over a suit to confirm an arbitration award since the rights asserted 'are actually based on the contract to arbitrate rather than on the underlying substantive claims.'" Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'ns of Detroit, Inc.), 164 F.3d 1004, 1007 (6th Cir. 1999) (quoting Detroit Pension Fund v. Prudential Sec., Inc., 91 F.3d 26, 29 (6th Cir. 1996)). Thus, despite the potential applicability of the FAA, Williams must still establish that this case "fall[s] within [the] Court's jurisdiction." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008); see also Hale v. Morgan Stanley, No. 3:19-cv-229, 2020 WL 1233772, at *2-3 (S.D. Ohio Mar. 13, 2020) (explaining that the basis for federal jurisdiction over motion to confirm or vacate arbitration award must arise independent of the FAA or underlying arbitrated claim).

Williams' response fails to assert any basis for subject-matter jurisdiction. Williams offers a laundry list of his grievances, as a sovereign citizen, against Respondent IRS Agent Evelyn Smith, including violations of various parts of the U.S. Constitution and numerous U.S. Criminal Code and Tax Code provisions. (Doc. No. 8 at 4.) However, it is not the underlying substantive claims purportedly resolved by the arbitration that are determinative for the subject-matter jurisdiction analysis, but the nature of the laws giving rise to the *contract to arbitrate*. Am. Fed'n of Television & Radio Artists, AFL-CIO, 164 F.3d at 1007; Hale, 2020 WL 1233772, at *2-3. Williams has not offered any basis for the Court to concluded that the (purported) arbitration agreement arose under federal law. Accordingly, Williams has not established "arising under" federal question jurisdiction. Neither has Williams established that complete diversity of citizenship exist. (See Doc. No. 8.)

3

Case 3:20-cv-00336   Document 9   Filed 11/13/20   Page 3 of 4 PageID #: 151

In sum, while the FAA sets forth a broad policy in favor of the confirmation of arbitration awards, parties must comply with the requirements of the FAA and properly invoke the jurisdiction of the Court. Williams has done neither. Accordingly, the Motion to Confirm is **DENIED**. The Clerk **SHALL** mail an information copy of this Order to all parties in related Case No. 3:20-cv-425.

Finally, the Court must express concerns about the role in this case played by the Sitcomm Arbitration Association. (Doc. No. 1-1.) The documents filed with the Court raise serious questions about this entity, the products its may be marketing to pro se litigants, and potentially fraudulent activity that wastes precious judicial resources. See, e.g., Magee v. Nationstar Mortg., LLC, No. 5:19-MC-017-H, 2020 WL 1188445, at *1-2 (N.D. Tex. Mar. 11, 2020) (rejecting Sitcomm arbitration award as part of a fraudulent scheme and referring the matter to the United States Attorney's Office for the Northern District of Texas and numerous state Attorney General offices); Brown v. Ally Fin. Inc., No. 2:18-CV-70-KS-MTP, 2019 WL 6718672, at *3 & n.2 (S.D. Miss. Dec. 10, 2019) (noting the suspicion that Sitcomm was part of a "larger fraudulent enterprise" and cautioning the parties not to waste judicial resources by seeking enforcement of "fraudulent 'arbitration awards'"). Accordingly, the Clerk of Court is **DIRECTED** to send a copy of the Court's Orders in this case to Donald Q. Cochran, United States for the Middle District of Tennessee.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE